IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY BATTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-cv-05538 |
| vs. ) | |
| ) | Hon. Matthew F. Kennelly |
| MIDLAND FUNDING, LLC; MIDLAND ) | |
| CREDIT MANAGEMENT, INC., and ) | Magistrate Judge M. David Weisman |
| ENCORE CAPITAL GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

**PARTIES JOINT STATEMENT**

1. Plaintiff is seeking $4,020.00 in attorney fees and costs. (See Exhibit A To Plaintiff's Motion For Attorney Fees and Cost, Plaintiff's Time & Work Expense)

2. It is Defendants' position that Plaintiff is entitled to $1,635.00 for attorney fees and costs, to the extent that the Court awards Plaintiff any attorneys fees

3. The parties have been able to come to an agreement on time entries for July 24, 2018; two of the three August 4, 2018 time entries; and entries from September 17, 2018- October 3, 2018.

4. The parties have been unable to come to an agreement on all other time entries.

5. The parties have also agreed that the hourly rates of both counsel Celetha Chatman and Michael Wood would be $300.00 on any fee petition.

6. Disputes Remaining:

    a. Excessive Billing

        i. Parties are in disagreement as to the amount of time billed by Plaintiff's Counsel in regards to the time entries stated in paragraph 4. It is Plaintiff's

        position that the billed hours by Plaintiff's counsel is reasonable. Plaintiff's attorneys bill in tenth of an hour increments, which is both reasonable and comparable to other attorneys performing FDCPA work. Plaintiff's attorneys also bill minimal time for administrative tasks.

    ii.  Defendant's Position: Plaintiff's Counsel bill excessive amounts of time for tasks or bill for unnecessary tasks that have no benefit to the litigation and Defendants cannot be expected to pay for. These entries have been repeatedly rejected by Courts, including this Court on multiple occasions. *Evans v. Portfolio Recovery Associates, LLC*, 2017 U.S. Dist. LEXIS 108037 (N.D. Ill. July 12, 2017); *Bowse v. Portfolio Recovery Associates, LLC*, 2017 U.S. Dist. LEXIS 222163 (N.D. Ill. Nov. 22, 2017); *Paz v. Portfolio Recovery Associates, LLC*, 2018 U.S. Dist. LEXIS 191452 (N.D. Ill. May 17, 2018); *Chatman v. Stellar Recovery, Inc.*, 2017 U.S. Dist. LEXIS 34213 (N.D. Ill. March 10, 2017); *Aquino v. Midland Funding, LLC*, 2018 U.S. Dist. LEXIS 189236 (N.D. Ill. Oct. 17, 2018); *Rhone v. Med. Bus. Bureau*, 2018 U.S. Dist. LEXIS 188433 (N.D. Ill. April 27, 2018).

b.  Administrative and clerical entries

    i.  It is Plaintiff's position that she is entitled to be compensated for drafting and filing appearances, as well as complying exhibits for Plaintiff's Complaint. Specifically, Plaintiff should be compensated for time entries (3/22-4/6/2018), as Courts in this district have awarded administrative costs. *See Jennifer Holloway v. Portfolio Recovery Associates LLC.*,15-cv-11568 (NDIL).

ii. Defendant's Position: It is well-settled that Courts do not award fees "at attorneys' rates for work that does not require that level of skill." *O'Brien v. Panino's, Inc.*, No. 10-CV-2991, 2011 WL 3610076, at *2 (N.D. Ill. Aug. 16, 2011) (citing *Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 553 (7th Cir. 1999)). Such tasks are "absorbed as overhead into the attorneys' billing rate." *Id. See also Missouri v. Jenkins,* 491 U.S. 274, 296 (1989). Plaintiff's Counsel's use of an order obtained uncontested after a default judgment as authority in support of this position is "almost worthless" "because a non-adversarial, default-judgment prove-up is not a reliable test of what [is]…reasonable." *Fricano v. LVNV Funding, LLC*, 2015 U.S. Dist. LEXIS 121654, *10, 13 (N.D. Ill. Sept. 8, 2015). Courts in this district, including this Court, have repeatedly reduced attorneys' fees demands by Plaintiff's Counsel here for billing for administrative work. *See Chatman v. Stellar Recovery, Inc.*, 2017 U.S. Dist. LEXIS 34213 (N.D. Ill. March 10, 2017); *Vaughn v. Account Recovery Serv.*, 2015 U.S. Dist. LEXIS 111861 (N.D. Ill. April 24, 2015); *Evans*, 2017 U.S. Dist. LEXIS 108037; *Bowse*, 2017 U.S. Dist. LEXIS 222163; *Paz*, 2018 U.S. Dist. LEXIS 191452; *Farooq v. Portfolio Recovery Associates, LLC*, 2016 U.S. Dist. LEXIS 66180 (N.D. Ill. May 19, 2016); *Rhone*, 2018 U.S. Dist. LEXIS 188433; *Davila v. Midland Funding, LLC*, 2018 U.S. Dist. LEXIS 190106 (N.D. Ill. July 30, 2018) *aff'd* 2018 U.S. Dist. LEXIS 188047 (N.D. Ill. Nov. 2, 2018). These entries are not recoverable. Defendant seeks the opportunity to file a

        Response to further elaborate on and provide factual and legal support for its position on these entries.

   c. Hensley FDCPA Deduction

      i. Plaintiff does not believe a *Hensley* deduction of 20% is necessary in this matter, as Plaintiff's fees and costs are already minimum and proportional to this case.

      ii. Courts frequently consider the factors set forth by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1982) when determining whether to reduce the lodestar demand. Defendants assert that due to the straight-forward and short lived nature of this simple FDCPA case that Plaintiff's Counsel is very experienced in bringing, that the factors from *Hensley* justify a further deduction of the lodestar by 20-30%. Courts around the country have reduced demands in FDCPA cases due to their simple nature, including Courts in this district in cases involving Plaintiff's Counsel. *See Chatman*, 2017 U.S. Dist. LEXIS 34213; *Vaughn*, 2015 U.S. Dist. LEXIS 111861. That is justified because Plaintiff's Counsel are seeking nearly five times what they obtained for their client, as well as the other factors that courts must examine under *Hensley*.

7. Plaintiff's Motion For Attorney Fees and Costs will be based on a Rule 68 offer of judgment.

8. Defendants request the opportunity to file a Response to Plaintiff's Motion to further elaborate on the positions taken herein, and to provide additional factual and legal support.

Respectfully Submitted,

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| *s/Celetha Chatman* <br> Celetha Chatman <br> Michael J. Wood <br> Community Lawyers Group, Ltd. <br> 73 W. Monroe, Suite 502 <br> Chicago, IL 60603 <br> Tel: 312-757-1880 <br> Fax: 312-265-3227 <br> Email: <br> cchatman@communitylawyersgroup.com <br> mwood@communitylawyersgroup.com | *s/Brandon Stein* <br> David M. Schultz <br> Brandon Stein <br> *Hinshaw & Culbertson, LLP* <br> 151 N. Franklin St., Suite 2500 <br> Chicago, Illinois <br> dschultz@hinshawlaw.com <br> bstein@hinshawlaw.com |

**CERTIFICATE OF SERVICE**

I, Celetha Chatman, an attorney, hereby certify that on December 3, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: December 3, 2018**                                                                 Respectfully submitted,

                                                                                By:   /s/ *Celetha Chatman*