IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY BATTLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MIDLAND FUNDING, LLC, et al, ) <br> ) <br> Defendants. ) | Case No. 18 C 5538 |

**ORDER ON PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS**

Terry Battle retained attorneys Michael J. Wood and Celetha C. Chatman of Community Lawyers Group, Ltd. regarding a debt collection suit filed against her by Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, Midland). Counsel sent a letter to Midland on June 28, 2017 disputing the debt, which originated from a defaulted Citibank N.A. consumer credit account. On August 14, 2018, Battle filed suit against Midland in federal court under the Fair Debt Collection Practices Act, alleging that Midland had failed to communicate to a credit reporting agency that the debt was disputed.

On October 13, 2018, Midland served Battle with an offer of judgment, proposing entry of judgment in her favor in the amount of $1,100 in statutory damages, plus reasonable attorney's fees and costs. Battle filed an acceptance of the offer on October 15, 2018, and the Court directed entry of judgment that same date. Battle, as the prevailing party, then filed a petition for attorney's fees and costs, seeing compensation for 13.4 hours by attorneys Wood and Chatman, plus $500 in costs consisting of the filing fee and the cost of service of summons. Midland opposes the fee petition on

various grounds.

## Discussion

A plaintiff who prevails in a FDCPA suit is entitled recover to costs and reasonable attorney's fees. 15 U.S.C. §1692k(a)(3); *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). In calculating reasonable attorney's fees, a court generally begins by determining the so-called lodestar, that is, the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Schlacher*, 574 F.3d at 856 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)). In determining the lodestar, a court should exclude any hours that were not "reasonably expended." *Hensley*, 461 U.S. at 434. The moving party should make a good faith effort to exclude from a fee request any hours that were "excessive, redundant, or otherwise unnecessary." *Id*. at 434.

In this case, the parties have stipulated to a rate of $300 per hour for both Wood and Chatman. At this rate, the amount of fees Battle has requested is $4,020.

As an initial matter, the Court overrules Midland's request to deny the fee petition outright on the ground that Battle's counsel failed to comply with Local Rule 54.3. Battle has provided Midland with records specifying the hours for which Battle sought compensation and supporting the requested costs, making any technical noncompliance harmless.

Midland also contends that the attorneys' billing records are unreliable; the attorney time claimed is excessive; some of the time claimed involves administrative tasks not properly compensable at attorney rates; and the lodestar should be reduced based on the factors listed in *Hensley*. The Court will deal with each argument in turn.

1.   **Errors in billing records**

First, Midland asks the Court to overrule the fee petition or reduce the fee award because counsel's billing records are unreliable and contain falsehoods.  The billing records attached to Battle's original motion did contain a number of errors, but after this was called to counsel's attention, the Court granted Battle leave to withdraw these records and resubmit the motion with the corrected records attached.  The errors in the original submission involved an attachment unrelated to this case.

Midland also says that Battle's counsel has a history of misrepresentations regarding billing records and fee petitions, but the Court sees no reason to address anything other than the submission presented here and thus will not strike the fee petition on this basis.

Midland identifies three claimed errors with the corrected billing records:  the entry of a client intake date about a year after counsel first took on Battle's case; a claimed discrepancy between the complaint and the billing records regarding the date when Battle or counsel obtained her credit report; and inconsistent information stating that Battle rejected a settlement offer.

First, Midland questions an entry for client intake dated July 24, 2018, pointing out that counsel wrote a dispute letter to Midland on her behalf over a year earlier. Battle responds, however, that counsel represented her in separate state and federal cases and conducted independent intake meetings to address each.  This is a reasonable explanation; the Court finds no error in the records.

Second, Midland contends that Battle alleges in her complaint that she obtained her credit report on July 16, 2018, but the billing records say that counsel obtained it on

3

August 4, 2018.  This is a misreading of the complaint.  It alleges that "[o]n July 16, 2018, Midland communicated credit information regarding the alleged debt."  Compl. ¶25.  That statement, supported by Exhibit G, is an allegation that Midland reported debt information to Experian on July 16, 2018, not an allegation that Battle obtained her credit report on that date.

    Finally, Midland points to a time entry for October 3, 2018 stating that Battle rejected a settlement offer, noting that she actually accepted the offer (i.e. the offer of judgment).  Battle attributes this to a scrivener's error, saying the entry should read October 13, 2018, and that Ms. Battle accepted the offer on that date.  The Court accepts this explanation.  In any event, this error does not reflect on the billing records' reliability generally.

**2.    Excessive work**

    Midland also argues that Battle asks to recover for excessive hours involving work that duplicated counsels' prior cases and that counsel otherwise unnecessarily ran up their fees.  A fee applicant is required to exercise "billing judgment" in determining which hours to seek to shift to the opposing party.  *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999).  The applicant should exclude hours that are excessive, redundant, or otherwise unnecessary, such as hours spent on tasks "easily delegable to non-professional assistance."  *Id*. at 553.

    First, Midland contends that Battle's counsel duplicated work from previous cases and could not possibly have reasonably spent the 4.2 hours requested for preparation of the complaint (3.6 hours for drafting and 0.6 for research).  Midland references 42 cases in which Battle's counsel represented clients on similar FDCA claims while using a

standard form complaint to bring suit against creditors, generally only switching parties and dates. Review of the complaints in a number of these cases tends to confirm defendants' point. *See, e.g.*, *Centeno v. LVNV Funding, LLC*, No. 17-cv-05233, ECF No. 1; *Gotwals v. Certified Services, Inc.*, No 18-cv-00100, ECF No.1; *Valenta v. Midland*, No. 17-cv-06609, ECF No. 1; *Aquino v. Midland*, No. 18-cv-01029, ECF No. 1. The Court agrees with Midland's contention that in light of this evidence, the time charged for the complaint in this particular case is excessive. The Court will reduce the time claimed for preparation of the complaint by half, to 2.1 hours.

    Midland also argues that the Court should not award counsel 1.2 hours for reviewing Midland's answer and evaluate whether to file a motion to strike. Midland says that because it extended a settlement offer one week before this entry, the work was unnecessary and had no purpose other than to run up attorney's fees. The Court agrees with Battle that because counsel's client had not yet accepted the settlement offer, it was reasonable to review and consider objections to the answer. The time claimed is not excessive given the detailed nature of at least one of the affirmative defenses that Midland asserted in the answer.

    Finally, Midland says that Battle's counsel spent excessive time on certain tasks. This includes time reading brief Court minute entries dated September 16, 2018 and October 10, 2018, replying to an October 3, 2018 e-mail with a two-word response, and preparing a notice of acceptance of the offer of judgment. In total, Battle claims 1.1 hours for these tasks. She argues that the Court should not flyspeck her fee petition to this extent, but it is hard to believe that it took anything more than a few minutes to perform these tasks. The Court reduces the time claimed by half, to 0.55 hours.

In sum, this Court reduces the attorney time claimed by should subtract 2.65 hours based on these objections.

**3.     Administrative tasks**

Midland also contends that Battle inappropriately claims attorney time for administrative tasks.  Purely clerical tasks, specifically work that can be completed by non-lawyers, should not be billed at an attorney rate, regardless of who performs them. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).   Rather, the costs of administrative work should be absorbed as overhead into the attorney billing rate.  *Spegon*, 175 F.3d at 553.

A little over half of the time entries identified by Midland in Appendix A of its response do, in fact, consist of administrative tasks, such as preparing and filing appearances, preparing courtesy copies, filing, calendaring, and compiling time records. The Court acknowledges that Battle's counsel is a small firm, but that does not make this work properly compensable at attorney rates.

There are, however, some exceptions.  The entries dated August 21 and 22 and October 15 involved preparation of summonses and drafting of a notice of acceptance of the offer of judgment; these are appropriately compensated at the stipulated attorney billing rate.  Another time entry, dated August 14, 2018, arguably includes both attorney and administrative work; it references revising and finalizing the complaint and comparing attorney notes, as well as attaching exhibits, updating a timeline, and filing the complaint with the court.  Because most of these tasks are appropriately claimed at attorney rates and the total amount claimed (1.0 hour) is small, the Court will not strike or reduce this entry.

6

These four entries total 1.8 hours. The remaining entries in Appendix A involve administrative tasks not properly compensated at attorney rates, so the Court will reduce the fee award by 1.4 hours.

4. **Reduction of lodestar under *Hensley***

Based on the reductions made earlier in this decision—a total of 4.05 hours—the revised lodestar figure is 9.35 hours at $300 per hour, or $2,745. Midland contends that the Court should reduce the award further based on the factors set out in *Hensley*. These include: (1) the time, labor, and skill required to perform the legal service, and the novelty and difficulty of the question; (2) preclusion of time and employment by the attorney due to acceptance of the case; (3) the customary fee and award; (4) the amount at issue and the results obtained; (5) the experience, reputation, and ability of the plaintiff's attorney; and (6) the undesirability of the case and any public interest advanced by the litigation. *See Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (citing *Hensley*, 461 U.S. at 441). The most critical factor in determining the reasonableness of a fee award "is the degree of success obtained." *Id*. The Court concludes that in this case, these factors do not call for a further reduction beyond the amounts already ordered.

First, the question of the time, labor, and skill required have already been addressed, in connection with Midland's contention that Battle's counsel billed excessive and administrative time. There is no reason for a further reduction based on this factor.

Second, Battle's counsel were not precluded from taking on other cases, but they reasonably expended time working on the instant case and are entitled to an award

7

consistent with the work they did.

Third, the resulting attorney's fee is comparable to the awards in other similar cases, as identified by Midland in its response to the fee petition. *See* Defs.' Resp. at 13 (citing fee awards of $2,355, $2,975, and $3,112). A further reduction on this basis is inappropriate.

Fourth, the fee award does not overwhelmingly exceed the damage award that Midland offered and Battle accepted: $1,100. And Battle obtained everything by way of relief that she reasonably could. For these reasons, the reduced lodestar amount is reasonable.

Fifth, the experience, reputation, and ability of Battle's counsel is not a basis to reduce the fee award further. The Court acknowledges that counsel have been criticized in other cases, including some in this district, but they earned a fee award in this case. Given the modesty of the award's amount, the Court is unpersuaded that a further reduction should be made.

Finally, the undesirability of the case and the public interest advanced by the claim are not significant factors into this case in a way that ought to result in a reduction. The Court does note in this regard, however, that the public interest may be advanced by encouraging consumers to act as "private attorneys general" to enforce the FDCPA.

## Conclusion

For the reasons stated above, the Court grants plaintiff's petition for an award of attorney's fees and costs [dkt. no. 34] and awards plaintiff Terry Battle attorney's fees

and costs in the amount of $3,245 ($2,745 in attorney's fees and $500 in costs).

Date: July 29, 2019

_____
MATTHEW F. KENNELLY
United States District Judge